JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 21-00911-DOC-ADS            Date: September 7, 2021

Title: SHAHIN BASTANI V. MERCEDES BENZ USA, LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On its own motion and having considered the Notice of Removal (Dkt. 1) the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

## I. Background

### A. Facts

The following facts are drawn from Plaintiff Shahin Bastani's Complaint ("Compl.") (Dkt. 1-1). This action concerns Plaintiff's purchase of a vehicle manufactured by Defendant Mercedes-Benz USA, LLC ("Defendant"). Compl. ¶¶ 12, 13. Plaintiff alleges that the vehicle contained or developed numerous defects and continued to exhibit such defects after Plaintiff returned the vehicle to the authorized repair facility for repairs. *Id*. ¶ 14-18. Plaintiff alleges that Defendant has continuously failed to make the vehicle conform to the applicable warranties. *Id*. ¶ 17. Plaintiff brings claims under the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act seeking actual damages, civil penalties, costs and expenses, attorneys' fees, recision of the contract and restitution of consideration, and prejudgment interest. *Id*. at 5-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00911-DOC-ADS                      Date: September 7, 2021
                                                                                        Page 2

### B. Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange County. *See generally* Compl. (Dkt. 1-1). On May 17, 2021, Defendant removed the action to this Court, asserting jurisdiction based on federal question and diversity. Notice of Removal (Dkt. 1).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00911-DOC-ADS                                                         Date: September 7, 2021
                                                                                                                        Page 3

*Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

     A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

     While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

     Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the Plaintiff right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. l, 27-28 (1983). 15 U.S.C. § 2310(d)(l)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be cognizable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00911-DOC-ADS                                                     Date: September 7, 2021
                                                                                                                                                         Page 4

in a suit brought under paragraph (l)(B) of this subsection ... if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit ..." 15 U.S.C. § 2310(d)(3)(B).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.  Discussion

Defendant argues that this Court has federal question and diversity jurisdiction in this action. Notice of Removal ¶¶ 7, 11. The Court disagrees.

The Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $50,000 for federal question purposes, nor does it exceed $75,000 for diversity purposes. Defendant argues that Plaintiff's actual damages, coupled with the civil penalties Plaintiffs seek, is greater than $75,000. Notice of Removal ¶ 10. Defendant asserts that Plaintiff's actual damages amount to the lease price of the Plaintiff's vehicle—a total of $26,103.35. Notice of Removal ¶ 8. Defendant further alleges that the awarded damages could exceed $75,000 based on civil penalties and reasonable attorneys' fees. *Id*. The Court will not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Thus, the Court finds that it lacks diversity jurisdiction and federal question jurisdiction over this matter.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 21-00911-DOC-ADS | Date: September 7, 2021 |
| | Page 5 |

foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

Here, while the Court finds that removal was improper, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiffs attorneys' fees.

### IV. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |